UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHANNING LAMONTE SCOTT, | |
| Plaintiff, | |
| v. | CAUSE NO. 2:25-CV-114-GSL-JEM |
| THOMPSON, | |
| Defendant. | |

OPINION AND ORDER

Channing Lamonte Scott, a prisoner without a lawyer, filed a complaint alleging Case Manager Thompson prevented him from getting a job at the prison because he is a Black Muslim. ECF 1-2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Scott alleges Case Manager Thompson made racist remarks and disparaging comments about his Muslim religion, placed him in a disciplinary idle dorm even though he had no conduct violations in fifteen years, denied him prison jobs, and hired Caucasian inmates who have recent disciplinary violations. Mere verbal abuse does not state a claim and a prisoner does not have a liberty or property interest in a prison

job. *DeWalt v. Carter*, 224 F.3d 607, 612-13 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020). However, "if prison officials were to allocate . . . prison jobs, or any of the other privileges prisoners enjoy, on an otherwise illegal or discriminatory basis, their actions would be unconstitutional even though such privileges do not constitute liberty or property interests." *Id*. at 613.

"The Fourteenth Amendment's Equal Protection Clause guarantees that 'No State shall ... deny to any person within its jurisdiction the equal protection of the laws' [and court's] apply strict scrutiny to a law if the plaintiffs' unequal treatment is based on membership in a protected class—race, national origin, religion, or alienage—or denial of a fundamental right." *Hope v. Comm'r of Indiana Dep't of Correction*, 9 F.4th 513, 528–29 (7th Cir. 2021). To assert an equal protection claim, a prisoner must allege that he is a member of a protected class and that a prison official treated him less favorably than other similarly situated prisoners who are not in the class. *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005). If the disparate treatment was not actually based on a prohibited ground, it is permissible if it was not irrational. *Stevens v. Illinois Dept. of Transp.* 210 F.3d 732, 737-738 (7th Cir. 2000). In the prison context, "prison administrators may treat inmates differently as long as the unequal treatment is rationally related to a legitimate penological interest." *Flynn v. Thatcher*, 819 F.3d 990, 991 (7th Cir. 2016). Giving Scott the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, the complaint states a claim against Case Manager Thompson.

Scott also names Warden Smiley and Deputy Warden Watts as defendants. He alleges he wrote to them and complained about racial and religious discrimination, but they did not respond. There is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks*, 555 F.3d at 596. Warden Smiley and Deputy Warden Watts are not alleged to have discriminated against Scott. They will be dismissed.

For these reasons, the court:

(1) GRANTS Channing Lamonte Scott leave to proceed against Case Manager Thompson in his individual capacity for compensatory and punitive damages for denying him inmate jobs and placing him in a disciplinary idle dorm because he is a Black Muslim in violation of the Fourteenth Amendment Equal Protection Clause;

(2) DISMISSES all other claims;

(3) DISMISSES Smiley and Watts;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Case Manager Thompson at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1-2);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Case Manager Thompson to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 15, 2025

/s/Gretchen S. Lund  
JUDGE  
UNITED STATES DISTRICT COURT